Ex parte LOO SHEW UNG.

(District Court, N. D. California, First Division.   February 10, 1914.)

No. 15,481.

ALIENS (§ 51*)—DEPORTATION—GROUNDS.

An alien employed as a cook in a house of prostitution is squarely within the provisions of Immigration Act (Act Feb. 20, 1907, c. 1134) § 3, 34 Stat. 899 (U. S. Comp. St. Supp. 1911, p. 502), providing that any alien who is "employed by, in and in connection with any house of prostitution" shall be deemed to be unlawfully within the United States and shall be deported.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 111; Dec. Dig. § 51.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition by Loo Shew Ung for a writ of habeas corpus. Denied.

Costello & Costello, of San Francisco, Cal., for petitioner.

Walter E. Hettman, Asst. U. S. Atty., of San Francisco, Cal., for respondent.

DOOLING, District Judge. The petition herein shows that Loo Shew Ung, born in China, was admitted into the United States as a merchant's son, and that, having been thereafter found employed as a cook in a house of prostitution in Bakersfield, he was arrested, and after a hearing ordered deported as one unlawfully within the United States, as defined by section 3 of the Immigration Act. Petitioner contends that his employment as a cook, not being in itself at all immoral, even though exercised in a house of prostitution, did not bring him within the class denounced by the section referred to above, and that the order of deportation is therefore unwarranted.

The portion of the act material to this proceeding is as follows:

"Any alien who shall be found an inmate of or connected with the management of a house of prostitution or practicing prostitution after such alien shall have entered the United States, or who shall receive, share in, or derive benefit from any part of the earnings of any prostitute, or who is employed by, in, or in connection with any house of prostitution, * * * shall be deemed to be unlawfully within the United States and shall be deported in the manner provided by sections twenty and twenty-one of this act."

If this language is to be given its ordinary meaning, and no reason appears why it should be distorted, petitioner comes squarely within its provisions, for he is an "alien employed by, in and in connection with a house of prostitution." The act itself does not limit its operation to any particular character of employment, but embraces employment of every description. It would require something more than judicial interpretation—it would require, indeed, judicial legislation—to take petitioner's case out of the plain letter of the act, and there is no reason to believe that the terms used were not selected for the very purpose of covering such employment as that in which petitioner was engaged.

The petition for the writ will be denied.